**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FABRICIO J. TREJO SALGADO,<br>Petitioner,<br>v.<br>TODD BLANCHE, Acting Attorney General of the United States, et. al.<br>Respondents. | Case No.: 26-cv-4409-BJC-SBC<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On July 31, 2026, Petitioner Fabricio J. Trejo Salgado, a Honduras national, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. He asserts he entered the United States on November 3, 2024, as an unaccompanied minor, without inspection. *Id.* ¶¶ 2, 19. He further asserts he turned himself into immigration authorities, was detained for two days, and was transferred to the custody of Office of Refugee Resettlement in Orlando, Florida. *Id.* ¶¶ 3, 19. He was released to the custody of his brother about two weeks later. *Id.* ¶¶ 3, 20. He was stopped by immigration officers on his way to work on July 3, 2026, and taken into custody. *Id.* ¶ 21. Later, he was transferred to Otay Mesa Detention Center, where he remains. *Id.* ¶ 22.

Petitioner argues his re-detention without a pre-deprivation hearing violated his due

process rights. *Id.* ¶¶ 38-49. In the response to the petition, Respondents "do not oppose the grant of a bond hearing under § 1226(a) and otherwise defer[s] to the Court on appropriate relief." ECF No. 4 at 2.

Under applicable regulations, parole is "terminated upon written notice to the [noncitizen]." 8 C.F.R. § 212.5(e)(2).[1] Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his release. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025). Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained. The Court finds Petitioner's revocation of his release and detention violated his due process rights.

Accordingly, the Court GRANTS the petition for a writ of habeas corpus. Respondents shall provide Petitioner with the following options: (1) release in this District within 24 hours of this order under the previously determined conditions without a monitoring device; or (2) release in his home state of Florida or New York within three (3) days of this order under the previously determined conditions without a monitoring device. Respondents shall file an affidavit by 5:00 p.m. within four (4) days of this order, attesting to Petitioner's election and confirming his release. Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process.

///

///

///

///

///

[1] Generally, "release on recognizance" during immigration proceedings is "conditional parole." *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007); *J.S.H.M v. Wofford*, No. 25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025).

Petitioner's request for attorneys' fees and costs is DENIED without prejudice to Petitioner filing an appropriate application for fees. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: September 1, 2026

Honorable Benjamin J. Cheeks
United States District Judge